**LIAN WEN ZHENY, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,[1] Respondent.**

No. 08–3414–ag.

United States Court of Appeals, Second Circuit.

July 1, 2009.

Gary J. Yerman, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Mary Jane Candaux, Assistant Director, Aimee J. Frederickson, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. RICHARD C. WESLEY, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Lian Wen Zheny, a native and citizen of the People's Republic of China, seeks review of a June 25, 2008 order of the BIA affirming the May 1, 2007 decision of Immigration Judge ("IJ") Brigitte Laforest, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lian Wen Zheny*, No. A99 667 775 (B.I.A. Jun. 25, 2008), *aff'g* No. A99 667 775 (Immig. Ct. N.Y. City May 1, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, because Zheny failed to challenge the agency's denial of his applications for asylum and withholding of removal in his brief to this Court, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. Is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 523 (2d Cir.2007). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

Substantial evidence supports the IJ's finding that Zheny failed to demonstrate a clear probability that he will be tortured if returned to China. To meet his burden of proof, Zheny was required to present particularized evidence demonstrating that, if repatriated, he will "more likely than not be subjected to torture." *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 157–158 (2d Cir.2005). Here, the IJ found that the fines or detention imposed on illegal emigrants "are not disproportionately severe punishment so as to amount to torture." Indeed, the record indicates that "In most cases returnees are detained long enough for relatives to arrange their travel home," that "[f]ines are rare," and that "U.S. officials in China have not confirmed any cases of abuse of persons returned to China from the United States for illegal entry."

Zheny argues that his credible testimony alone is sufficient to meet his burden. We disagree. Without more, his claim is "based solely on the fact that [he] is part of the large class of persons who have illegally departed China." *Mu Xiang Lin,*

432 F.3d at 160. It is well-settled that such claims do not give rise to CAT eligibility. *See Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir.2003). Accordingly, substantial evidence supports the agency's denial of Zheny's CAT claim.[2]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

---

**2.** Zheny argues in his brief that he would be tortured if returned to China because of his inability to pay his debt to the snakeheads who arranged his travel to this country. Because he failed to raise that argument before the agency, and because the Government has raised this failure to exhaust in its brief, we decline to consider this issue. *See Lin Zhong*

*v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20, 124 (2d Cir.2007).

